IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN R. RODRIGUEZ,

      Petitioner,               No. CIV S-04-0725 LKK DAD P

     vs.

A.K. SCRIBNER, et al.,

      Respondents.        ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application for a writ of habeas corpus has been fully briefed and is submitted for decision. Petitioner has now filed several motions pending before the court.

      On November 29, 2004, petitioner filed a request to expand the record. In that motion petitioner requests an order expanding the record to include reporter's transcripts of proceedings which took place before the state trial court on June 7, 2002 and June 11, 2002. Petitioner does not explain the relevance of these transcripts to any claim properly pending before this court. Rather, he merely represents that the transcripts would in some way support his claim of prosecutorial misconduct. Under the federal rules that govern § 2254 proceedings, the court may permit the expansion of the record to include additional materials, such as exhibits,

1

1 that relate to the petition. Rule 7, Fed. R. Governing § 2254 Cases. However, petitioner has
2 failed to demonstrate that the requested reporter's transcripts do, in fact, relate to the claims
3 presented in his petition. Accordingly, the request for expansion of the record will be denied
4 without prejudice to its renewal based upon a satisfactory showing that the requested reporter's
5 transcripts do relate to the claims presented in the petition submitted for decision before this
6 court.[1]

7        On December 10, 2004 and December 15, 2004, petitioner filed motions for
8 discovery. In this regard, plaintiff appears to seek broad discovery of various statements, reports
9 and evidence (including Brady material) assembled in connection with his prosecution and,
10 apparently, that of a "possible co-defendant" in a case identified by number.

11        The parties in a habeas proceeding are not entitled to discovery as a matter of
12 course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728
13 (9th Cir.), cert. denied, 540 U.S. 1013 (2003). Rather, "[a] party shall be entitled to invoke the
14 processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent
15 that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to
16 do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at
17 904. Good cause is shown "where specific allegations before the court show reason to believe
18 that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . .
19 entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300
20 (1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004). In order to obtain
21 discovery a petitioner need not demonstrate that he will prevail on the claim underlying the
22 discovery request. See Bracy, 520 U.S. at 909 ("It may well be, as the Court of Appeals
23 predicted, that petitioner will be unable to obtain evidence sufficient to support a finding of

---

[1] If, in addressing the merits of the petition which is now submitted for decision, the court determines that the reporter's transcripts in question are relevant to the resolution of the petition the court may, of course, order the record expanded on its own motion at that time.

1  actual judicial bias in the trial of his case, but we hold that he has made a sufficient showing . . .
2  to establish 'good cause' for discovery."); Pham, 400 F.3d at 743.  Thus, it has been "held that a
3  district court abused its discretion in not ordering Rule 6(a) discovery when the discovery was
4  'essential' for the habeas petitioner to 'develop fully' his underlying claim.  Id. (quoting Jones v.
5  Wood, 114 F.3d 1002, 1009 (9th Cir. 1997)).  See also McDaniel v U.S. District Court (Jones),
6  127 F.3d 886, 888 (9th Cir. 1997) (finding that the district court "acted well within its discretion
7  in ordering discovery" where the petitioner's claims did "not appear purely speculative or
8  without any basis in the record.").  Finally, a request for discovery "must also include any
9  proposed interrogatories and requests for admission, and must specify any requested documents."
10 Rule 6(b).  Federal courts have "the power to 'fashion appropriate modes of procedure,'
11 including discovery, to dispose of habeas petitions 'as law and justice require[.]'" Id. at 904
12 (citations omitted) (quoting Harris, 394 U.S. at 299-300).  See also Bittaker, 331 F.3d at 728.

13          Here, petitioner has failed to demonstrate good cause for the discovery he seeks.
14 It does appear that the petition submitted for decision includes claims that the trial prosecutor
15 engaged in misconduct by withholding exculpatory evidence and presenting perjured testimony.
16 However, in his motion for discovery petitioner fails to establish any link between the specific
17 discovery he seeks and those claims.  Rather, petitioner has sought broad discovery, including all
18 exculpatory evidence, in the apparent hope of finding evidence in support of his claim.
19 Certainly he has not demonstrated that the requested discovery is essential for the full
20 development of his prosecutorial misconduct claim.  In this was the showing is insufficient.
21 Accordingly, the motion for discovery will be denied without prejudice to its renewal based upon
22 a proper showing of good cause.

23          On July 1, 2005, petitioner filed a letter requesting a docket report in order to
24 determine if his petition is under submission.  Petitioner is informed that he must submit $0.50
25 /////
26 /////

1 per page for copies of the docket report.[2]  However, again, petitioner is advised that the court's

2 docket reflects that his traverse was filed on October 27, 2004, and that this case is under

3 submission with the undersigned.

4        Lastly, on July 25, 2005, petitioner filed a motion to expedite the proceedings.

5 The court is sympathetic to petitioner's concerns that his case be promptly resolved.  However,

6 the court is working diligently on the many cases filed before it.  The court will issues findings

7 and recommendations on petitioner's petition in due course.

8        Accordingly, IT IS HEREBY ORDERED that:

9     1. Petitioner's  November 29, 2004 motion to expand the record is denied without

10 prejudice;

11     2. Petitioner's  December 10, 2004 and December 15, 2004 motions for discovery

12 are denied without prejudice;

13     3. Petitioner's July 1, 2005 request for the docket report is denied without

14 prejudice; and

15     4. Petitioner's July 25, 2005 motion to expedite the proceedings is denied.

16 DATED: September 29, 2005.

17

18                /s/ Dale A. Drozd
               DALE A. DROZD
               UNITED STATES MAGISTRATE JUDGE

19

20 DAD:4
rodr0725.stat

---

[2] Checks should be made payable to "Clerk, USDC" and must be in the exact amount owed.

4