IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN R. RODRIGUEZ,

    Petitioner,                    No. CIV S-04-0725 LKK DAD P

    vs.

A.K. SCRIBNER, et al.,

    Respondents.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction for vehicle theft in violation of California Vehicle Code § 10851 and for receiving stolen property in violation of California Penal Code § 496(a). Before the court are petitioner's motion for expansion of the record and for discovery.

        In an order filed September 30, 2005, the court denied petitioner's earlier request to expand the record and for discovery. At that time the court concluded that petitioner had neither established the necessity of expanding the record before this court to include transcripts of two particular post-conviction hearings in state court nor explained how those state court proceedings related to his pending federal habeas claims. The court also concluded that petitioner had both failed to demonstrate good cause for discovery and to explain how the

1

1  requested discovery was essential to the full development of his prosecutorial misconduct claim.
2  Nonetheless, petitioner's requests were denied without prejudice. (Order, filed 9-30-05 at 2-3.)
3  At that time the court also informed petitioner of the requirement that he demonstrate good cause
4  in support of any discovery request in this federal habeas proceeding. (Id.)  In the motions now
5  pending before the court petitioner has renewed his previously denied requests.  The court will
6  address both motions below.

7  I.   Motion to Expand the Record

8        In his motion for expansion of the record, petitioner seeks an order requiring that
9  the state court proceedings held in his case on June 7, 2002 and June 11, 2002, be transcribed and
10 the transcripts of those hearings be made part of the record before this court.  The proceedings in
11 question concerned petitioner's motion for a new trial filed in state court following his jury trial.
12 (Clerk's Transcript (CT), lodged 8-19-04 at 291.)  In that motion petitioner claimed that: (1) he
13 had received ineffective assistance of counsel; (2) the trial court erred in denying his motions
14 concerning his counsel and self-representation, his request for discovery, and his motion to
15 dismiss based on a Miranda violation; and (3) that the prosecutor withheld material discovery
16 from the defense.  (Id. at 292-93.)  According to the clerk's minutes, on May 31, 2002, the
17 hearing on petitioner's motion for new trial was continued to June 7, 2002.  (Id. at 313.)  On June
18 7, 2002, the clerk's minutes indicate that the hearing was again continued, this time to June 11,
19 2002.  (Id. at 343.)  On June 11, 2002, the minute order indicates that the hearing on the motion
20 was reset to June 13, 2002.  (Id. at 344.)  The motion for new trial was heard on June 13, 2002,
21 and a transcript of that hearing is part of the record before this court.  (Reporter's Transcript
22 (RT), lodged 8-19-04 at 393-449.)  Petitioner's motion for a new trial was denied following a
23 lengthy hearing which included the taking of testimony from petitioner's former defense counsel
24 and petitioner's girlfriend.  (Id.)

25       In his motion for expansion of the record, petitioner contends that on June 7 or
26 June 11, 2002, San Joaquin County Superior Court Judge F. Clark Sueyres, denied his request to

have three witness testify at the hearing on his motion for a new trial. Petitioner therefore argues that transcripts of the June 7 and June 11, 2002 proceedings "are critical to the allegations of judicial prejudice claim in the instant petition . . . [and] the continuous denials by Honorable F. Clark Sueyres, made it impossible for the Petitioner to present his version of the facts . . . ." (Mot. for Expansion of Record (Mot. to Expand), at 5.) In their opposition to the motion to expand the record, respondents argue that petitioner still has not shown how the requested transcripts relate to his claims. Respondents also contend that even assuming the trial court denied petitioner's request to call three additional witnesses in support of his motion for a new trial, petitioner has not provided declaration from any of those potential witnesses explaining what they would have testified to had they been called at the post-trial hearing. (Opp'n to Mot. to Expand Record, filed 11-15-05, at 2.) In reply, petitioner contends that the court "expressed to the prosecutor, Mr. Rodriguez was going to get a new trial." (Reply, filed 1-4-06, at 2.) Petitioner also states that he lacks the resources to hire an investigator to obtain declarations from the proposed witnesses but did send a letter to one of those witnesses informing him that he would be contacted in the future. (Id. at 2 and Ex. A at 1-2.) Petitioner again argues that the state court record is incomplete and that the Equal Protection Clause of the Fourteenth Amendment gives a pro se prisoner the right to have an adequate record on appeal. (Id. at 3.)

Pursuant to Rule 7 of the Rules Governing Section 2254 Cases, the court may direct that the record be expanded by the parties to include additional materials relevant to the determination of the merits of the petition. However, the court finds that petitioner once again has failed to demonstrate that the alleged proceedings he wants transcribed and made part of the record before this court would be relevant to the resolution of his prosecutorial misconduct and judicial bias claims. First, petitioner has failed to make any showing that his request to have three additional witnesses testify at the hearing on the motion for a new trial was denied. The minutes of the presumably brief appearances continuing the hearing on the new trial motion do not reflect any such ruling. (See CT at 343-44.) Moreover, no mention of a request to call

additional witnesses was mentioned by petitioner at the hearing on the new trial motion. (See RT 393-449.) Most importantly, petitioner has provided no explanation as to the testimony the three witnesses he wished to call would have provided at the hearing on his motion for a new trial. Nor has petitioner made any showing that a transcript of the proceedings in which his request with respect to the three witnesses would support his judicial bias claim before this court. Finally, the transcript of the June 13, 2002 hearing on his motion for a new trial reflects that petitioner was provided the opportunity to present evidence and arguments in support of his motion. Because petitioner has failed to establish that transcripts of his June 7, 2002 and June 11, 2002, appearances would be relevant to the determination of the merits of the pending petition, the court will deny petitioner's motion to expand the record. The court will not consider any further motions by the petitioner in this regard.[1]

II.   Motion for Discovery

In his renewed motion for discovery petitioner seeks to obtain "all Police Reports in their entirety; F.E.T. cards of fingerprints; [and] disciplinary reports of Officer Ridenour #1007 Stockton Police Dept., assigned to F.B.I. Task Force on 12-12-01[.]" (Mot. for Discovery at 1.) In addition, petitioner has submitted proposed interrogatories directed to Officer Ridenour and San Joaquin County Deputy District Attorney Ron Indran as well as requests for admissions from Ridenour and Indran. In support of these discovery requests petitioner contends in general fashion that officer Ridenour "fabricated his [police] report, to convict Petitioner." (Id. at 2.) Petitioner has attached to his motion a copy of a Stockton Record newspaper article, arguing that the article establishes that the same officers involved in his arrest are "being monitored for civil rights violations." (Id.) Petitioner baldly contends that Deputy District Attorney Indran failed to

/////

---

[1] As explained in the September 30, 2005 order denying petitioner's prior motion for expansion of the record, if the court determines as it considers the merits of the pending habeas petition that the transcripts in question are relevant to the resolution of petitioner's claims, the court will order the record expanded on its own motion.

1  "turn[] over all of the police reports of the Stockton Police Dept., and of the F.B.I. Task Force on
2  12-12-01 which allowed the perjured testimony of Officer Ridenour to be successful." (Id. at 7.)
3     In opposition to petitioner's discovery motion, respondents contend that the
4  claims with respect to which petitioner seeks discovery are speculative and have no basis in the
5  record. Respondents note that at his trial in state court petitioner cross-examined Officer
6  Ridenour by referring to Ridenour's report which included incriminating statements made by
7  petitioner at the time of his arrest. (Opp'n to Mot. for Discovery at 2.) Respondents argue that
8  because petitioner disagrees with Officer Ridenour's version of those events, he is speculating
9  that he must not have received a complete version of Ridenour's report. (Id.) In addition
10 respondents contend that petitioner's assertion that Agent Gary Woffinden, a member of the
11 F.B.I.'s violent crime task force who was involved in petitioner's arrest, must have prepared a
12 separate report that was not given to petitioner is based on pure speculation. (Id. at 2-3.)
13 Respondents argue that there is nothing in the record to suggest that petitioner did not receive
14 complete discovery in state court. Respondents note that even petitioner's court-appointed
15 attorney, who was relieved shortly before trial, testified at the hearing on the motion for a new
16 trial that he had received all police reports as part of normal discovery and gave them to
17 petitioner when he began to represent himself.[2] (Id. at 3.) Respondents assert that petitioner
18 offers no evidence that Officer Ridenour has a history of prior misconduct. (Id.) As to the
19 newspaper article relied upon by petitioner, respondents observe that it is not an article but
20 merely a letter to the editor which mentions the monitoring of police activity in Stockton area
21 parks by the National Association for the Advancement of Colored People (NAACP) and does
22 not mention any police officers specifically. (Id. at 3-4.) Respondents argue that there has been

---

[2] At the hearing on the motion for a new trial, petitioner questioned Erik Lundeberg, his former defense counsel. Attorney Lundeberg testified that his recollection was that the prosecution was forthcoming with pretrial discovery in petitioner's case and that he felt that he had received everything he needed from the prosecution to proceed to trial on petitioner's behalf. He also testified that he turned over all of the discovery received from the prosecution to petitioner on the afternoon petitioner began to represent himself. (RT at 435-37.)

no showing whatsoever suggesting that Officer Ridenour filed a false report, planted evidence or engaged in any misconduct whatsoever. (Id. at 4.)

In his reply, petitioner refers to various discovery motions that he has either made or attempted to make, asserting that an inference can be made that further discovery is needed. (Reply in Support of Mot. for Discovery, filed 1-4-06, at 1-2.) Petitioner also contends that Officer Ridenour indirectly admitted his arrest report was in error and that this admission supports petitioner's contention that he never made any incriminating statements after he was given Miranda warnings. (Id. at 3.) As to F.B.I. Agent Woofinden, petitioner argues that because an arresting officer is required under the California Penal Code to file a report, there must be an additional report of his arrest that he has never received. (Id. at 4.)

Petitioner's arguments are unpersuasive. The parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert. denied, 540 U.S. 1013 (2003). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at 904. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004). In order to obtain discovery a petitioner need not demonstrate that he will prevail on the claim underlying the discovery request. See Bracy, 520 U.S. at 909 ("It may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support a finding of actual judicial bias in the trial of his case, but we hold that he has made a sufficient showing . . . to establish 'good cause' for discovery."); Pham, 400 F.3d at 743. Thus, it has been "held that a district court abused its discretion in not ordering Rule 6(a) discovery when the

1  discovery was 'essential' for the habeas petitioner to 'develop fully' his underlying claim. Id.
2  (quoting Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997)). See also McDaniel v U.S.
3  District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997) (finding that the district court "acted
4  well within its discretion in ordering discovery" where the petitioner's claims did "not appear
5  purely speculative or without any basis in the record.")  Federal courts have "the power to
6  'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as
7  law and justice require[.]'" Id. at 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300).
8  See also Bittaker, 331 F.3d at 728.

9        Applying these standards, the court finds that petitioner has not demonstrated
10  good cause for discovery pursuant to Rule 6(a), Rules Governing § 2254 Cases. Petitioner's
11  motion for discovery is based on pure speculation and is misguided due to his misreading of trial
12  testimony and misinterpretation of statements by the trial judge. For example, petitioner
13  contends that "officer Ridenour admitted his police report was in error by admitting the Miranda
14  was not how he wrote it up." (Mot. for Discovery at 6.) The court has read the portions of the
15  transcript to which petitioner refers, but finds that absolutely no such admission of material error
16  was made by the officer. The court also finds that there is no suggestion that F.B.I. Agent
17  Woofinden prepared a report regarding petitioner's arrest. Finally, the court agrees with
18  respondents that the letter to the editor of the Stockton Record submitted by petitioner provides
19  no basis for even suggesting that officer Ridenour has engaged in any misconduct.

20        Petitioner has had two opportunities to argue and present evidence in connection
21  with this issue. In both instances he has failed to establish good cause for discovery. Therefore,
22  the court will deny petitioner's motion for discovery with prejudice. Petitioner's request for a
23  hearing on his discovery motion is also denied. See Local Rule 78-230 (m).
24  /////
25  /////
26  /////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's November 7, 2005 motion for expansion of the record is denied with prejudice;

2. Petitioner's November 17, 2005 motion for discovery is denied with prejudice;

3. Petitioner's request for a hearing on his motions is denied; and

4. Petitioner's November 17, 2005 first and second set of proposed interrogatories and proposed requests for admissions shall be placed in the record and disregarded.

DATED: September 20, 2006.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rodr725.disc2